**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DWAINE GRAY,**

                      **Plaintiff,**                    **9:13-cv-258**
                                                                      **(GLS/DEP)**

              **v.**

**DOCTOR KANG LEE,**

                      **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Dwaine Gray
Pro Se
12-A-0919
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN     CHRISTOPHER W. HALL
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Dwaine Gray commenced this action against

defendant Doctor Kang Lee,[1] pursuant to 42 U.S.C. § 1983, alleging that Lee was deliberately indifferent to Gray's serious medical needs in violation of the Eighth Amendment.[2] (*See generally* Compl., Dkt. No. 1.)

On August 12, 2014, Lee filed a motion for summary judgment, (Dkt. No. 32), which Gray opposed, (Dkt. No. 40). In a Report and Recommendation (R&R) issued on March 9, 2015, Magistrate Judge David E. Peebles recommended that Lee's motion for summary judgment be granted and Gray's remaining Eighth Amendment claim be dismissed. (Dkt. No. 43.) Pending are Gray's objections to the R&R. (Dkt. No. 44.) For the reasons that follow, the R&R is adopted in its entirety.

## II. **Background**[3]

---

[1] Gray also named Ms. Vonda L. Johnson as a defendant, (Compl.), but she has since been dismissed from this action, (Dkt. No. 10 at 6-7, 9).

[2] In his complaint, Gray also asserted claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the Rehabilitation Act, 29 U.S.C. §§ 701-796*l*, (Compl.), but those claims have been dismissed, (Dkt. No. 10 at 5-6, 9).

[3] Gray specifically objects to Judge Peebles' recommendation that the court deem admitted all properly supported facts contained in Lee's statement of material facts. (Dkt. No. 43 at 3 n.1; Dkt. No. 44 at 2.) The court reviews this portion of the R&R *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). Under this District's Local Rules, the moving party must submit a statement of material facts, which "set[s] forth, in numbered paragraphs, each material fact about which the moving party contends there is no genuine issue." N.D.N.Y. L.R. 7.1(a)(3). The opposing party must file a response to the statement of material facts, which must "mirror the movant's [s]tatement of [m]aterial [f]acts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs." *Id.* If the opposing party fails to comply, "[t]he [c]ourt shall deem admitted any properly supported facts set forth in the [s]tatement of [m]aterial [f]acts that the opposing party does not specifically controvert," and, where the

2

Gray is an inmate in the custody of the Department of Corrections and Community Supervision (DOCCS), and, during the time relevant to his claims, was incarcerated at Clinton Correctional Facility. (Def.'s Statement of Material Facts (SMF) ¶¶ 1, 9, Dkt. No. 32, Attach. 1.) Prior to entering Clinton, Gray suffered a shoulder injury, for which he was prescribed Naproxen. (*Id.* ¶ 8.) After arriving at Clinton in or around April 2012, Gray met with Lee, a clinical physician, who asked Gray if he wished to continue taking Naproxen. (*Id.* ¶¶ 3, 10.) Gray declined the medication, claiming that it did not work. (*Id.* ¶ 10.) One month later, Lee again met with Gray, at which time Gray complained of continued shoulder pain and requested stronger pain medication. (*Id.* ¶ 11.) Lee obliged Gray's request and

---

opposing party is *pro se*, the moving party must advise the *pro se* litigant about the consequences of his failure to respond. *Id.* Here, while Gray filed a response opposing Lee's summary judgment motion, (Dkt. No. 40), he did not file anything that even remotely resembles a response to Lee's statement of material facts, despite receiving notice of the consequences of his failure to do so, (Dkt. No. 32 at 3). In his defense, Gray argues that he "submitted various pieces of evidence annexed to his opposition to summary judgment, showing that [Lee]'s narrative was self-serving," and that he "introduced to the [c]ourt documentary evidence that [Lee] obviously did not have a planned course of medical treatment, as [Lee] routinely came to contradictory conclusions, and would often ignore [Gray's] needs." (Dkt. No. 44 at 2.) However, "a district court has no duty to perform an independent review of the record to find proof of a factual dispute—even if that nonmoving party is proceeding *pro se*," and an individual's *pro se* status does not relieve him of the ramifications associated with the failure to comply with the court's local rules. *Davis v. City of Syracuse*, No. 5:12-CV-0276, 2015 WL 1413362, at *12 (N.D.N.Y. Mar. 27, 2015). Therefore, the court adopts Judge Peebles' recommendation to deem admitted all properly supported facts set forth in Lee's statement of material facts. Accordingly, unless otherwise noted, the facts are not in dispute.

prescribed Flexeril, a muscle relaxer used to relieve acute pain, but not suitable for long-term use. (*Id.* ¶¶ 11, 12.)

Over the Summer of 2012, Gray frequently met with medical staff, including Lee and various nurses at Clinton. (*Id.* ¶¶ 13-17.) During those meetings, Gray continued to complain of pain in his right shoulder, reiterated his refusal of Naproxen, and requested stronger pain medications—including a continuation of Flexeril and/or a narcotic analgesic. (*Id.* ¶¶ 13-17.) Also during those examinations, Lee consistently found that Gray had a good range of motion in his shoulder, despite Gray's complaints that he was unable to move it. (*Id.* ¶¶ 15, 16.)

At the end of September 2012, Lee ordered an x-ray of Gray's right shoulder, which was completed in early October. (*Id.* ¶¶ 18, 19.) Lee discussed the results with Gray, which indicated that there was "early osteoporosis . . . present" and "a large spur arising from the inferior aspect of the acromion," ordered a magnetic resonance imaging (MRI) for further testing, and prescribed Motrin for Gray's pain. (*Id.* ¶¶ 19, 20; Dkt. No. 32, Attach. 2 at 4.) The MRI was completed in January 2013, and, once the radiologist's report was received, Lee referred Gray to an orthopedic specialist, as the MRI suggested that Gray may have a tendon tear.

4

(Def.'s SMF ¶¶ 21, 23, 24.) During the time that Gray was waiting for his consultation with the specialist, Gray continued to meet with medical staff at Clinton, and Lee continued to prescribe Motrin for Gray's pain. (*Id.* ¶ 25.) Ultimately, in April 2013, Gray was transferred to Franklin Correctional Facility, where he now resides, and whose medical staff is now charged with his care. (*Id.* ¶ 26.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

In his R&R, Judge Peebles recommended dismissal of Gray's Eighth Amendment deliberate indifference claim. (Dkt. No. 43 at 12-21.) Specifically, Judge Peebles first noted that Gray failed to satisfy the objective requirement of this cause of action because Gray's medical records reflect that he was provided with frequent treatment, and, therefore, "no reasonable factfinder could conclude that . . . Lee's treatment of [Gray]'s shoulder condition was inadequate or, to the extent it could be construed as inadequate, that it was sufficiently serious." (*Id.* at 16-19.) Judge Peebles further reasoned that, given the extensive treatment that Gray received, including frequent examinations, prescriptions for pain medications, x-rays, MRI testing, and referrals to orthopedic specialists, Gray also failed to prove the subjective component of a deliberate indifference claim. (*Id.* at 19-20.)

Here, Gray raises several objections to the R&R. First, Gray specifically objects to Judge Peebles' findings that Gray received consistent and adequate medical care and that Lee did not act with deliberate indifference. (Dkt. No. 44 at 3-6.) Gray argues that Lee "often times came to different conclusions based on the same medical information" and failed to comply with both "accepted medical practice" and

6

DOCCS policy by prescribing Motrin for long periods of time, which caused Gray stomach pains.[4] (*Id.*) The court reviews these objections *de novo*. *See Almonte*, 2006 WL 149049, at *3, *5.

A prisoner's claim that he was provided insufficient medical care is analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 101-03 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Id.* at 104 (internal quotation marks and citation omitted). "To show that he has been subjected to cruel and unusual punishment, a prisoner must satisfy a standard that includes both objective and subjective components." *Taylor v. Goorde*, 548 F. App'x 696, 697-98 (2d Cir. 2013). The objective component asks whether the prisoner was actually deprived of adequate medical care and whether the denial in care was "sufficiently serious." *Id.* at 698 (internal quotation marks and citation omitted). The subjective component concerns the defendant's mental state, and requires

---

[4] The court notes that this is the first time that Gray has incorporated Lee's long-term prescription of Motrin as part of his Eighth Amendment claim. Indeed, both his complaint and response to Lee's motion for summary judgment are devoid of these allegations. (*See generally* Compl.; Dkt. No. 40.)

7

a showing that the defendant acted "with deliberate indifference to inmate health"—"a mental state equivalent to subjective recklessness," which "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

Here, Gray has failed to satisfy both the objective and subjective components. In short, because Gray was frequently treated, prescribed pain medication, tested with an x-ray and MRI, and referred to an orthopedic specialist, he was not actually deprived of adequate treatment—the objective component—and, further, this extensive treatment and care is evidence that Lee did not act with deliberate indifference—the subjective component. The fact that Gray was not prescribed the precise pain medication of his choosing is of no moment; "'a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment.'" *Hanrahan v. Mennon*, 470 F. App'x 32, 33 (2d Cir. 2012) (quoting *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011)). Similarly, Gray's contentions that Lee violated DOCCS policy and "accepted medical practice" by prescribing Motrin for long-term use are equally without merit. First, a failure to comply with DOCCS policy

directives or regulations is not a constitutional violation.  *See Sanders v. Gifford*, No. 9:11-CV-0326, 2014 WL 5662775, at *4 (N.D.N.Y. Nov. 4, 2014).  Second, Gray alleges, at best, a negligence or medical malpractice claim, which also does not give rise to an Eighth Amendment violation.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  Accordingly, the court adopts Judge Peebles' findings that Gray was provided with adequate medical care, and that Lee did not act with deliberate indifference.

Second, Gray objects to Judge Peebles' findings of fact that Gray "could not be in severe pain because he worked at the Clinton . . . mess hall" and that Gray ultimately "secured a less strenuous work detail at the facility mess hall for reasons other than [his] severe pain."  (Dkt. No. 44 at 3 (referring to Dkt. No. 43 at 16-17, 16 n.4.)  Because these proposed findings of fact are not central, or even particularly relevant, to Judge Peebles' ultimate recommendation to dismiss Gray's complaint, the court construes these as general objections, which warrant review only for clear error.  *See Almonte*, 2006 WL 149049, at *4-5.

At the outset of his analysis, Judge Peebles noted that the undisputed facts did not support a finding that Gray's pain was severe.

9

(Dkt. No. 43 at 16-17.) Judge Peebles observed that Gray's continued work as a server in the mess hall, and his testimony that he was relieved of certain work duties not because of his injury, but because he was friendly with the corrections officer who assigned job responsibilities, undermined his claims of severe pain. (*Id.* at 16 n.4.) These facts, however, were but a few of the facts that Judge Peebles considered in determining that Gray's pain was not severe. (*Id.* at 16-17 (noting that Gray's medical records also did not support a finding of severe pain, as medical personnel often discerned no acute distress, and further noting that Gray's voluntary discontinuation of Naproxen also belied his claims of severe pain).) In any event, notwithstanding the severity, or lack thereof, of Gray's pain, Judge Peebles concluded that Gray's claim should be dismissed because he was provided with adequate medical care. (*Id.* at 16-19.) Accordingly, the court finds no clear error in either this portion of the R&R or the remainder of the R&R, and it is adopted in its entirety.

Finally, the court notes that, in his objections to the R&R, Gray takes issue with Judge Peebles' denial of his motion to appoint counsel, arguing that, had he been appointed counsel, "summary judgment would not have been granted," and the failure to appoint counsel "may even rise to a

violation of [Gray]'s right to Equal Protection." (Dkt. No. 44 at 6-7.)
However, Gray's motion to appoint counsel was denied before the R&R
was even issued, (Dkt. Nos. 35, 37), and, therefore, Gray's dissatisfaction
with the disposition of his motion to appoint counsel cannot appropriately
be construed as an objection to the R&R at all. To the extent that Gray
seeks to renew his motion to appoint counsel in his objections, that request
is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' March 9, 2015
Report and Recommendation (Dkt. No. 43) is **ADOPTED** in its entirety; and
it is further

**ORDERED** that Lee's motion for summary judgment (Dkt. No. 32) is
**GRANTED**; and it is further

**ORDERED** that Gray's complaint (Dkt. No. 1) is **DISMISSED**; and it
is further

**ORDERED** that Gray's renewed motion to appoint counsel (Dkt. No.
44 at 6-7) is **DENIED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 15, 2015
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court